SADIE S. FRIEDMAN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 64826. Filed June 8, 1960.

*John P. Allison, Esq., Stanley W. Herzfeld, Esq.,* and *Burton L. Williams, Esq.,* for the petitioner.

*John M. Doukas, Esq.,* and *Raymond T. Mahon, Esq.,* for the respondent.

462

## OPINION.

OPPER, *Judge:* Of the three issues presented, two—the propriety of deductions for interest paid and contributions to charity—are disposed of in petitioner's favor on the authority first, of *L. Lee Stanton*, 34 T.C. 1, and *Fabreeka Products Co.*, 34 T.C. 290, and second, of *Maysteel Products, Inc.*, 33 T.C. 1021. The third deduction claimed, that for amortization of bond premium, is disallowed on the authority of *Maysteel Products, Inc.*, *supra*.

Reviewed by the Court.

*Decision will be entered under Rule 50.*

FISHER, *J.*, concurs in the result.
BRUCE, *J.*, dissents.

—————

MURDOCK, *J.*, concurring: The findings of fact are inadequate unless the words used therein have their usual meaning. Otherwise no one knows what the facts are. Therefore, I disregard the last sentence of the second paragraph of those findings and concur on the basis of the findings with that sentence omitted.

WITHEY, *J.*, agrees with this concurring opinion.

TURNER, *J.*, dissenting: Since according to the third sentence under the heading Findings of Fact we have specifically declared that the terms "purchase," "buy," "loan," "donate," "sell" or "sale," "amortize," "interest," and certain other words as used in the said "findings" do not "necessarily" represent "our conclusions of fact

regarding the respective transactions," we are left, it would seem to me, without a factual basis for decision of the case and in such circumstances I do not see how it may properly be said that the cases cited are or are not controlling. I accordingly note my dissent.

MULRONEY and DRENNEN, *JJ.*, agree with this dissent.

PIERCE, *J.*, dissenting: I dissent from the Court's holding on the first issue herein, on the basis of the reasons and the judicial authorities set forth in my dissenting opinions in *L. Lee Stanton*, 34 T.C. 1, and *Fabreeka Products Co.*, 34 T.C. 290.